# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA FREEMAN,<br><br>   Plaintiff,<br><br>v.<br><br>WESTGUARD INSURANCE COMPANY D/B/A/ BERKSHIRE HATHAWAY WEST GUARD INSURANCE COMPANY,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES[1]

COMES NOW, Cynthia Freeman ("Plaintiff" or "Freeman"), by and through undersigned counsel, and files this, Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Berkshire Hathaway West Guard Insurance Company ("Defendant") for

---

[1] Undersigned counsel is only filing this complaint to preserve Plaintiff's rights. Counsel intends to withdraw concurrently with the filing of this action.

1

violations of rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII, and the ADEA. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 29, 2021; the EEOC issued its Notice of Right to Sue on February 15, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADEA. During all times relevant hereto, Defendant employed twenty (20) or more employees for the requisite duration under the ADEA. Defendant is now and at all times relevant hereto, been a for-profit entity engaged in an industry affecting commerce. Therefore, Defendant is covered under the ADEA in accordance with 29 U.S.C. 621, 626(d)(1), et. seq.

9.

Similarly, at all such times, Plaintiff was an "employee" of Defendant as defined under Title VII. During all times relevant hereto, Defendant employed fifteen (15) or more employees for the requisite duration under Title VII. Therefore, Defendant is covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant has employed five hundred (500) or more employees for the requisite duration under Title VII.

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at CT Corporation System 289 S. Culver St. Lawrenceville, GA 30046-4805.

## FACTUAL ALLEGATIONS

12.

Plaintiff began working for Defendant on or about March 10, 2019, as a Claims Representative.

13.

Plaintiff was terminated on or about March 12, 2021.

14.

Plaintiff is an African American female over the age of forty (40).

15.

Around October 2020, Plaintiff asked the Human Resources manager, Jackie Kendzor ("Kendzor") about transferring to the Columbus, Ohio office.

16.

Kendzor declined Plaintiff's request but two, white male employees were transferred.

17.

Around December 2020, Plaintiff's managers, George Fink ("Fink"), Scott Louis ("Louis"), and Kendzor (Collectively "the managers") called a meeting with Plaintiff to discuss her work performance.

18.

The managers gave Plaintiff a verbal warning and told her a follow-up meeting would occur a month later, but it never occurred.

19.

On February 1, 2021, the managers told Plaintiff she was being placed on a performance improvement plan ("PIP").

20.

Plaintiff had one hundred and twenty (120) diaries past due the day she was placed on a PIP. However, Heather White and Kyle Lupus, two, younger claims adjusters who also report to Fink and Louis had over four hundred (400) and three hundred (300) past due diaries respectively, and neither was reprimanded, placed on a PIP, or terminated.

21.

Plaintiff had no issues nor was she told otherwise regarding the handling of her claims, before the December meeting.

22.

After the February meeting, the managers found issues with Plaintiff's work.

23.

Plaintiff compared her work to White and Lupus and inquired as to why neither of these younger individuals were placed on a PIP.

24.

Fink and Louis told Plaintiff not to worry about her coworkers.

25.

Several weeks later, Defendant terminated Plaintiff for performance issues on or about March 12, 2021.

26.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., female and over the age of forty (40). Despite Plaintiff's complaints, Defendant did not attempt to rectify the situation, but instead terminated Plaintiff's employment.

27.

Defendant treated other employees outside of Plaintiff's protected class, i.e. those younger than forty (40) and males more favorably.

## CLAIMS FOR RELIEF

## COUNT I: ADEA DISCRIMINATION - TERMINATION

28.

Plaintiff re-alleges paragraphs 1-27 as if set forth fully herein.

29.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of age in violation of ADEA, as amended.

30.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

31.

The effect of the conduct complained of herein has deprived Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her age.

32.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

**COUNT II: TITLE VII GENDER DISCRIMINATION - TERMINATION**

33.

Plaintiff re-alleges paragraphs 1-27 as if set forth fully herein.

34.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment despite her qualifications for the job, constitutes unlawful discrimination on the basis of gender in violation of Title VII, as amended.

35.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

36.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has lost wages and benefits, suffered emotional distress, humiliation and other indignities.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

The acts and omissions of Defendant were willful, malicious, and in reckless disregard of Plaintiff's federally protected rights entitling her to punitive damages.

39.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(h) Compensation for lost compensation, back pay, wages and employment-related benefits;

(i) Liquidated damages; and

(j) All other relief to which she may be entitled.

Respectfully submitted this 13th day of May, 2022.

/s/ *Kira Fonteneau*
Kira Fonteneau
*Counsel for Plaintiff*

**OF COUNSEL**
Barrett & Farahany
P.O. Box 530092
Atlanta, GA 30353