IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA FREEMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION FILE NO.: |
| | : 1:22-CV-01922-MHC-JCF |
| WESTGUARD INSURANCE | : |
| COMPANY d/b/a Berkshire | : |
| Hathaway West Guard Insurance | : |
| Company, | : |
| | : |
| Defendant. | : |

## **ORDER**

This matter is before the Court on the Motion To Withdraw As Counsel For Plaintiff Cynthia Freeman filed by Plaintiff's attorney, Kira Fonteneau. (Doc. 3). Counsel asserts that she notified Plaintiff by email of her intent to withdraw, "which included the conditions and information outlined in USCR 4.3(2) [sic]." (*Id*. at 1). Because counsel has not complied with the requirements of Local Rule 83.1E(2), NDGa., her motion to withdraw is **DENIED without prejudice**.

An attorney seeking to withdraw from representation of a party in this Court must follow one of two paths provided in the Local Rules to do so. In particular, LR 83.1E(2)(b) states that an attorney seeking to withdraw must file a motion to withdraw in which the attorney states that she has given the client 14 days notice of the attorney's intention to withdraw and specifies "the manner of such notice."

1

Furthermore, the moving attorney must attach to the motion a copy of the notice in order to show that it includes all information required by LR 83.1E(2)(b)(A)-(J). Alternatively, LR 83.1E(2) provides that "[c]ounsel wishing to withdraw from any civil action (except a class action) may be relieved from the requirement to file a motion to withdraw by filing a Certificate of Consent that has been signed by the client, the withdrawing attorney, and the substituting attorney, if one has been selected by the client." *See* LR 83.1E(2).

Counsel has not stated in her motion that she has given Plaintiff 14 days' notice of her intention to withdraw, nor has she attached a copy of the required notice to her motion. Alternatively, she has not attached a Certificate of Consent to her withdrawal signed by Plaintiff. Thus, she has not complied with either method for withdrawing from her representation of Plaintiff set forth in LR 83.1E. Her motion to withdraw (Doc. 3) is therefore **DENIED without prejudice** to her right to file a motion to withdraw or Certificate of Consent that complies with the Local Rules.

**IT IS SO ORDERED** this 17th day of May, 2022.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge