IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CYNTHIA FREEMAN,        :
                               :
        Plaintiff,        :
                               :
v.                          :     CIVIL ACTION FILE NO.:
                               :     1:22-CV-01922-MHC-JCF
WESTGUARD INSURANCE    :
COMPANY d/b/a Berkshire    :
Hathaway West Guard Insurance  :
Company,                  :
                               :
        Defendant.     :

## ORDER

This matter is before the Court on the Motion To Strike And Substitute filed by Plaintiff's attorney, Kira Fonteneau. (Doc. 6). Ms. Fonteneau filed a document purportedly styled as a Motion To Withdraw As Counsel For Plaintiff Cynthia Freeman, but she attached the wrong document. (*See* Doc. 5). Counsel requests that the Court strike the incorrectly filed document and substitute instead her attached Motion To Withdraw As Counsel For Plaintiff Cynthia Freeman (*see* Doc. 6-1). Plaintiff's motion to strike (Doc. 6) is **GRANTED**, and the Clerk is directed to **STRIKE** the document filed at docket entry number 5 and to file Ms. Fonteneau's motion to withdraw (Doc. 6-1).

The Court notes that this is Ms. Fonteneau's second motion to withdraw as Plaintiff's counsel. She filed her first such motion on May 16, 2022. (*See* Doc. 3).

The Court denied that motion because Ms. Fonteneau had not complied with the requirements of Local Rule 83.1E(2), NDGa. (Doc. 4). The Court explained:

> An attorney seeking to withdraw from representation of a party in this Court must follow one of two paths provided in the Local Rules to do so. In particular, LR 83.1E(2)(b) states that an attorney seeking to withdraw must file a motion to withdraw in which the attorney states that she has given the client 14 days notice of the attorney's intention to withdraw and specifies "the manner of such notice." Furthermore, the moving attorney must attach to the motion a copy of the notice in order to show that it includes all information required by LR 83.1E(2)(b)(A)-(J). Alternatively, LR 83.1E(2) provides that "[c]ounsel wishing to withdraw from any civil action (except a class action) may be relieved from the requirement to file a motion to withdraw by filing a Certificate of Consent that has been signed by the client, the withdrawing attorney, and the substituting attorney, if one has been selected by the client." *See* LR 83.1E(2).

(Doc. 4 at 1-2). The Court found that counsel had not complied with those requirements because she simply asserted that she notified Plaintiff by email of her intent to withdraw, "which included the conditions and information outlined in USCR 4.3(2) [sic]" (*see* Doc. 3 at 1). (Doc. 4 at 1-2). Counsel had not stated in her motion that she had given Plaintiff 14 days' notice of her intention to withdraw, nor had she attached a copy of the required notice to her motion or in the alternative attached a Certificate of Consent signed by Plaintiff. (Doc. 4 at 2). The Court therefore denied Ms. Fonteneau's motion without prejudice "to her right to file a motion to withdraw or Certificate of Consent that complies with the Local Rules." (*Id*. at 2).

Ms. Fonteneau asserts in her second motion to withdraw that she "sent Plaintiff written notice, via electronic mail, of their intent to withdraw, which included the conditions and information outlined in USCR 4.3(2)[1] [sic] on May 11, 2022"; she sent Plaintiff "a copy of this Motion as early as May 16, 2022"; and Plaintiff has not objected to the withdrawal. (Doc. 6-1 at 1-2). Counsel has thus indicated that she has given Plaintiff at least 14 days' notice of her intention to withdraw, but she has not otherwise complied with the requirements of LR 83.1(E)(2) as set out in the Court's May 17, 2022 Order. In particular, counsel has not attached to her motion a copy of the required notice as set forth in LR 83.1(E)(2) or described how she provided that notice to Plaintiff, nor in the alternative has she attached a Certificate of Consent signed by Plaintiff. (*See* Doc. 6-1). Ms. Fonteneau's motion to withdraw (Doc. 6-1) is therefore again **DENIED without prejudice** to her right to file a motion to withdraw or Certificate of Consent that complies with LR 83.1(E)(2).

The Court is concerned with counsel's nearly three-month delay in properly seeking to withdraw, in spite of the Court's May 17, 2022 directions (Doc. 4), and her apparent failure to prosecute this action in the meantime. Counsel points out in her motion to withdraw that Defendant has not made an appearance "since it has not

---

[1] Counsel apparently cites to the Uniform Superior Court Rules, but those rules do not apply to the procedure for withdrawing from representation in this Court.

yet been served" (Doc. 6-1 at 2). Plaintiff filed this action on May 13, 2022 (Doc. 1), and Rule 4(m) requires that Defendant be served with the summons and complaint no later than 90 days of the filing of the complaint or be subject to dismissal. Fed. R. Civ. P. 4(m). That 90-day deadline expired August 11, 2022, the same day counsel filed her second motion to withdraw, yet counsel has apparently not served Defendant and has not sought an extension of time to do so, in spite of the fact that she has remained Plaintiff's attorney of record in the case. Counsel asserts that she filed this lawsuit "only for the purposes of saving the statute of limitations" (Doc. 6-1 at 2), but as she undertook Plaintiff's representation by filing this lawsuit, counsel is obligated to continue that representation and to follow Court Rules and procedures until the Court allows her to withdraw, which has not occurred.

Plaintiff is therefore **DIRECTED** to show cause **NO LATER THAN 14 DAYS** from the date of entry of this Order why this case should not be dismissed pursuant to Rule 4(m) for failure to effectuate service of process on Defendant within 90 days of filing the Complaint.

## Summary

Plaintiff's Motion To Strike And Substitute filed by Plaintiff's attorney, Kira Fonteneau (Doc. 6) is **GRANTED**, and the Clerk is directed to **STRIKE** the document filed as docket entry number 5 and to file counsel's motion to withdraw attached to the motion to strike (Doc. 6-1). Ms. Fonteneau's motion to withdraw

(Doc. 6-1) is **DENIED without prejudice**. Plaintiff is **DIRECTED** to show cause **NO LATER THAN 14 DAYS** from the date of entry of this Order why this case should not be dismissed pursuant to Rule 4(m) for failure to effectuate service of process on Defendant within 90 days of filing the Complaint.

In addition to electronic service on counsel of record, the Clerk is directed to mail a copy of this Order to Plaintiff Cynthia Freeman at 2004 Manhattan Parkway, Decatur, Georgia 30035.

**IT IS SO ORDERED** this 12th day of August, 2022.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge