IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA FREEMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No.<br>: 1:22-CV-1922-MHC-JCF |
| WESTGUARD INSURANCE COMPANY, | : |
| Defendant. | : |

## FINAL REPORT AND RECOMMENDATION

Plaintiff filed this action on May 13, 2022 (Doc. 1). By Order entered on August 25, 2022, the Court granted the motion to withdraw of Attorney Kira Yalon Fonteneau as counsel for the plaintiff and directed Plaintiff to obtain new counsel or notify the Court within 21 days of her intention to proceed *pro se* (Doc. 13). Plaintiff did not respond to the Court's Order. Therefore, by Order entered on September 21, 2022, Plaintiff was notified that she is now proceedings *pro se* and was directed that she must comply with the Court rules, procedures, deadlines, and Orders, as outlined in the Notice to *Pro Se* Plaintiff which was sent simultaneously to Plaintiff with the Court's Order (Docs. 17 and 18).

Defendant filed an answer to Plaintiff's complaint on September 7, 2022 (Doc. 14). Also, on October 7, 2022, Defendant filed its Proposed Preliminary Report and

1

Discovery Plan as required by FED.R.CIV.P. 16 and 26 and LR16.2 (Doc. 20). Defendant indicated in its report that it attempted to contact Plaintiff on numerous occasions to meet and confer and prepare the report, but Plaintiff was unresponsive.

By Order of this Court dated October 11, 2022 (Doc. 21), Plaintiff was directed to file her Preliminary Report and Discovery Plan as required by FED.R.CIV.P. 16 and 26 and LR16.2 and to serve her Initial Disclosures required by FED.R.CIV.P. 26(a)(1) and LR 26.1A, NDGa. within 14 days from the date of entry of that Order. Plaintiff was further ordered to file her Certificate of Interested Persons required by LR. 3.3, NDGa. within 14 days. Plaintiff was cautioned that failure to comply with the Court's Order could result in a recommendation to the District Judge that the complaint be dismissed. Plaintiff failed to file the documents as directed.

Therefore, by subsequent Order entered on October 31, 2022, Plaintiff was ordered to comply with the October 11, 2022 Order and to show cause why her complaint should not be dismissed due to her failure to comply with the Court's Order, within 21 days. [Doc. 22]. Plaintiff was again cautioned that failure to comply with the court's Order would result in a recommendation to the District Judge that her complaint be dismissed. To date, Plaintiff has failed to comply with the Court's Order in its entirety.

LR 41.3A(2), NDGa. authorizes dismissal of a civil action for want of

prosecution "with or without notice to the parties" when "[a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case.: FED. R. CIV. P. 41(b) provides that upon motion of a defendant, a complaint may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." And "[i]n addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980). When the court dismisses an action with prejudice―whether on its own motion or on the motion of a defendant―however, it may do so "only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanction would not suffice." *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation omitted).

Plaintiff in this action has not complied with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Georgia regarding the Initial Disclosures, the Certificate of Interested Persons and the Preliminary Report and Discovery Schedule. *See* FED. R. CIV. P. 16 and 26; LR 3.3, 16.2 and 26.1,

3

NDGa.[1] Furthermore, Plaintiff has failed to comply with two Orders of this court directing her to make these filings. In fact, Plaintiff has done nothing to pursue this action since her counsel's motion to withdraw was granted, despite the efforts of Defendant and the Court to move this case forward.

The undersigned finds that Plaintiff has engaged in "a clear pattern of delay or willful contempt" and, given Plaintiff's complete failure to respond to the court's Orders, "that lesser sanctions would not suffice," *Betty K Agencies*, 432 F.3d at 1337-38. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** pursuant to FED. R. CIV. P. 41(b), the court's "inherent authority to dismiss an action for want of prosecution . . . when necessary to maintain the orderly administration of justice" and LR 41.3A(2), NDGa. for Plaintiff's failure to prosecute this action and for her repeated failures to comply with the rules and Orders of the court, even after she was warned that noncompliance could result in dismissal of her complaint.[2] (*See* Docs. 21 and 22).

---

[1] Plaintiff was sent a "Notice to *Pro Se* Plaintiffs" [Doc. 18] on or about September 21, 2022, which advised Plaintiff, *inter alia*, that she must comply with the Federal Rules of Civil Procedure and Local Rules. The Notice further advised Plaintiff that she could obtain certain basic materials and hand-outs from the Office of the Clerk of Court located in Atlanta and that she could also utilize the Court's law library in Atlanta, and the addresses of those locations were provided.

[2] There is no indication that any of the Orders or other materials sent to Plaintiff have been returned to the Clerk's Office.

The Clerk is directed to terminate the reference of the above-captioned case.

**IT IS SO REPORTED AND RECOMMENDED** this <u>15th</u> day of <u>November</u>, 2022.

<u>/s/ J. Clay Fuller</u>
J. Clay Fuller
United States Magistrate Judge